UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Paul Blackmer

    v.                                   Civil No. 08-cv-292-SM

Sweat, et al.

**REPORT AND RECOMMENDATION**

Pro se plaintiff Paul Blackmer has filed a complaint, pursuant to 42 U.S.C. § 1983, alleging that defendants have abridged his right to free speech as guaranteed by the First Amendment to the United States Constitution (document no. 1). Named as defendants are the following employees of the Northern New Hampshire Correctional Facility ("NCF"): Dwayne Sweat; Emerson; Lamberton; Fortier; Robert Thyng; and Gagnon. The complaint is before me for preliminary review to determine whether, among other things, it states a claim upon which relief may be granted. See 28 U.S.C. § 1915A; U.S. District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2). For the reasons stated below, I recommend that the complaint be dismissed.

Also filed is a motion for injunctive relief in which

Blackmer alleges that defendants denied him meaningful access to the courts, in violation of his First and Fourteenth Amendment rights (document no. 9). In addition, Blackmer has filed a motion for reconsideration in which he requests this Court to reconsider its order of September 8, 2008 denying his motion to stay the proceedings (document no. 8). For the reasons stated below, I recommend that the motion for injunctive relief and motion for reconsideration be denied.

### Standard of Review

In reviewing a pro se complaint, this court must construe the pleading liberally and in favor of the pro se litigant. See Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)). At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). This review ensures that pro se pleadings are given fair and meaningful consideration. See Eveland v. Director of CIA, 843 F.2d 46, 49

(1st Cir. 1988). I apply this standard in reviewing Blackmer's complaint.

## Factual Background

Blackmer is an inmate who is incarcerated at the NCF. This action stems from an incident that occurred on June 10, 2008, when he was ordered to refrain from speaking with a corrections officer. With a copy of the New Hampshire Constitution in hand, Blackmer approached the guards' desk where Sweat was stationed "to advise Sweat of New Hampshire constitutional law" and request that he read the book. Sweat replied, "No", and repeatedly ordered Blackmer to leave. When Blackmer started to leave, he walked approximately twenty-five feet and decided to again approach the desk. At that juncture, Sweat allegedly ordered him to "shut up and go away."

The record reveals that Blackmer was complaining about an extra duty assignment that Sweat required him to perform. Blackmer does not, however, allege that he was denied any opportunity to file grievances with regard to the extra duty assignment or that he was otherwise denied any right to petition the government for redress. That same day, a disciplinary report was issued against Blackmer for his failure to obey a corrections

officer's orders and for attempting to become unruly. Following a disciplinary hearing held on June 18, 2008, Blackmer was found guilty of violating Rule 39B (failing to obey an officer's orders). As a result, he was subjected to the following sanctions: (1) five days punitive segregation, suspended for ninety days; (2) twenty hours of extra duty; and (3) fifteen days loss of recreation. Blackmer alleges that Sweat's actions violate his First Amendment right to free speech. He further alleges that by condoning Sweat's actions, the remaining defendants violated his First Amendment rights.

Lastly, Blackmer alleges that defendants withheld his legal documents and typewriter in violation of his First and Fourteenth Amendment rights to meaningful access to the courts. He now brings this action, alleging that defendants' actions rise to the level of constitutional deprivations.

**Discussion**

I.  Section 1983 Claims

Section 1983 creates a cause of action against those who, acting under color of state law, violate federal law. See 42 U.S.C. § 1983; Parratt v. Taylor, 451 U.S. 527, 535 (1981); Rodriguez-Cirilo v. Garcia, 115 F.3d 50, 52 (1st Cir. 1997). In

order to be held liable for a violation under Section 1983, a defendant's conduct must have been a cause in fact of the alleged constitutional deprivation.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692 (1978); Soto v. Flores, 103 F.3d 1056, 1061-62 (1st Cir. 1997).  The premise of Blackmer's Section 1983 action is that defendants subjected him to the following constitutional deprivations in violation of his First and Fourteenth Amendment rights.

    A.    Denial of Free Speech

Blacker alleges that Sweat violated his First Amendment right to free speech by refusing to discuss New Hampshire constitutional law and by ordering him to "shut up and go away."  He further alleges that Emerson, Lamberton, Fortier, Thyng, and Gagon violated his First Amendment rights by condoning Sweat's actions.

While a prisoner does not completely sacrifice his right to free speech, this right is necessarily diminished by his incarceration.  Jones v. N.C. Prisoners' Labor Union, Inc., 433 U.S. 119, 125 (1977).  Prison inmates retain First Amendment rights not inconsistent with their status as prisoners or the legitimate penological objectives of the corrections system.

Pell v. Procunier, 417 U.S. 817, 822 (1974).  "This is because certain privileges and rights must necessarily be limited in the prison context."  Johnson v. California, 543 U.S. 499, 510 (2005) ("'[L]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system'" (quoting Price v. Johnston, 334 U.S. 266, 285 (1948)). "The right of officials to control inmate speech and behavior through the imposition of measures reasonably calculated to preserve the safety and security of a prison facility, its employees and its inmates, is well established, even though such measures may impinge upon an inmate's ability to speak freely or to associate with others."  Escalara v. Charwand, No. 9:04-cv-0983 (FJS/DEP), 2008 WL 699273, slip op. at *6 (N.D.N.Y. March 12, 2008)(citing Auleta v. LaFrance, 233 F. Supp. 2d 396, 399 (N.D.N.Y. 2002)(noting that restrictions on inmate communication are constitutional if reasonably related to legitimate penological interests)).  Restrictions, however, may be no more intrusive than reasonably necessary in order to effectuate legitimate policies and objectives.  Procunier v. Martinez, 416 U.S. 396, 412 (1974).

Here, Blackmer does not allege, nor does the record disclose, that he was engaged in protected activity when disciplined for violating NCF rules. Blackmer concedes that he was approaching Sweat with a copy of the New Hampshire Constitution solely to "advise [him] of New Hampshire constitutional law." Sweat's response, ordering Blackmer to "shut up and go away," does not rise to the level of a First Amendment violation. With regard to the imposition of extra duty, Blackmer does not allege that he was denied the opportunity to file an appeal or otherwise seek redress through an established grievance process. Nor does he allege that either administrative regulation with which he was charged is unconstitutional on its face or that defendants' actions were retaliatory. Lastly, he does not challenge the disciplinary proceedings or sanctions imposed. See Clark v. Nelson, No. 93-3391-SAC, 1996 WL 596735 at *5 (D. Kan. Sept. 20, 1996) (holding that an inmate's limited First Amendment rights do not include any purported right to disobey an officer's orders). For the foregoing reasons, I conclude that Blackmer has failed to state a cognizable First Amendment claim arising from the denial of free speech. Accordingly, I recommend that this claim be dismissed in

its entirety against Sweat, Emerson, Lamberton, Fortier, Thyng and Gagnon.

B.   Denial of Meaningful Access to the Courts

In his request for injunctive relief, Blackmer alleges that defendants seized his legal documents and typewriter in violation of his First and Fourteenth Amendment rights to meaningful access to the courts.

"There is a fundamental constitutional right of access to the courts, founded both in the First Amendment guarantee of [the] right to petition for redress of grievances, and in the due process clause which assures that no person will be denied the opportunity to present to the courts their claims concerning violations of fundamental constitutional rights." McDuffy v. Koval, 226 F. Supp. 2d 541, 548 (D. Del. 2002) (citations omitted).  The right of access to the courts is strongest in the context of constitutional claims and other civil rights actions. See BreMiller v. Cleveland Psychiatric Inst., 898 F. Supp. 572, 582 (N.D. Ohio 1995).  To establish a claim for denial of access to the courts, a plaintiff must show that he was denied access to the courts and suffered actual injury, such as interference with his efforts to pursue a claim.  See Lewis v. Casey, 518 U.S. 343,

351 (1996).

Accepting Blackmer's allegations as true, I conclude that he has failed to identify any actual injury that resulted from the alleged denial of access to the courts. While Blackmer claims that defendants seized his legal documents and typewriter, he has not alleged any ensuing constitutional harm related to defendants' actions. Nor has he identified any action by a defendant that has frustrated or impeded a specific legal claim pursued by Blackmer. Without demonstrating that defendants prevented him from participating meaningfully in the legal process, Blackmer fails to allege any constitutional deprivation. Accordingly, I recommend that his request for injunctive relief be denied.

## II. Habeas Corpus Claims

Blackmer alleges that he is unlawfully incarcerated and makes various references to the alleged unconstitutionality of his conviction and confinement. To the extent he challenges the fact or duration of his state court confinement, his claims may only be brought in a habeas corpus petition pursuant to 42 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973) (holding that a prisoner cannot use a Section 1983 action to

challenge the fact or duration of his confinement). Further, many of the habeas corpus claims to which he refers are similar to the claims raised by Blackmer in a previous action filed with this court. See <u>Blackmer v. Warden</u>, No. 05-cv-340-PB, 2008 WL 227267 (D.N.H. Jan 28, 2008). Accordingly, I recommend that his claims be dismissed.

## Conclusion

For the reasons stated above, I recommend that the complaint (document no. 1) be dismissed. I further recommend that the motion for injunctive relief (document no. 9) and motion for reconsideration (document no. 8) be denied.

If this recommendation is approved, the claims as identified in this report and recommendation, will be considered for all purposes to be the claims raised in the complaint. If the plaintiff disagrees with the identification of the claims herein, plaintiff must do so by filing an objection within ten (10) days of receipt of this report and recommendation, or by properly moving to amend the complaint.

Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to

appeal the district court's order.  See Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date: October 16, 2008

cc:   Paul Blackmer, pro se